UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR., | **1:23-cv-00164-GSA-PC** |
| Plaintiff, | **ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE** |
| vs. | |
| CATES, et al., | **AND** |
| Defendants. | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED AS DUPLICATIVE OF CASE 1:22-cv-01504-CDB-PC** |
| | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.  BACKGROUND**

Edward Vincent Ray, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 2, 2023.  (ECF No. 1.)

The Court finds that this case is duplicative of another pending case filed by Plaintiff on November 21, 2022, and therefore recommends that this case be dismissed.

**II.  DUPLICATIVE CASES**

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting

1

Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (*per curiam*)).  "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."  Id. (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir. 1977) (*en banc*), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  Id. at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir. 1993)).

In assessing duplicative lawsuits, "we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689.  "Under the first part of the duplicative action test, [t]o ascertain whether successive causes of action are the same, [a court should] use the transaction test, developed in the context of claim preclusion [and articulated in Adams]."  In re Consol. Salmon Cases, 688 F. Supp. 2d 1001, 1007 (E.D. Cal. 2010) (internal quotation marks omitted).  "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions."  Morris v. Mini, No. 212CV1774TLNDMCP, 2019 WL 3425277, at *10 (E.D. Cal. July 30, 2019) (quoting Adams, 487 F.3d at 689 (internal quotation marks omitted).

**III.  DISCUSSION**

Plaintiff has two civil rights cases pending before this Court.  The first case was filed on November 21, 2022, as case number 1:22-cv-01504-CDB-PC (Ray, Jr. v. Cates, et al.) ("Ray I"). Ray I names as defendants Brian Cates (Warden), Angel Ribera (Sewage Treatment Plant Manager), Ralph Diaz (former CDCR Secretary), and Kathleen Allison (current CDCR Secretary).

The second case is the present case, case number 1:23-cv-00164-GSA-PC (Ray, Jr., et al.) ("Ray II"), filed on February 2, 2023.  Ray II names the same four defendants named in Ray

I: Brian Cates (Warden), Angel Ribera (Sewage Treatment Plant Manager), Ralph Diaz (former CDCR Secretary), and Kathleen Allison (current CDCR Secretary).

The Complaints in both cases contain Plaintiff's allegations that the water at California Correctional Institution (CCI), where he is incarcerated, is contaminated with lead, and/or Coliform Bacteria, he is being slowly poisoned, and he suffers from headaches, stomach cramps, stiffness of joints, problems urinating, hard stools, excessive phlegm, sore throats, and a slowed thought process. (ECF No. 1 at 4 ¶¶ 3, 4.)[1]  Plaintiff also alleges in both Complaints that he is in danger at CCI because he is forced to be housed with known enemies and has been spat upon, kicked, punched, had several black eyes and had his property stolen. (Id. at 5 ¶ 3.)  He also alleges that his locker was robbed several times and he has been pushed, endured slander on a daily basis, and bruised ribs on two occasions. (Id. ¶ 4.)  In both Complaints, Plaintiff requests:

> ". . . injunctive relief, which is that he be provided with one (1) gallon of bottled water per day for drinking.  And, he also seeks Five hundred Thousand dollars ($500,000.00) in punitive damages.  And he also requests that injunctive relief of an order to the State to move him to level 2 SNY Prison, not California Correctional Institution.  Plaintiff also seeks the right to sue at a later date, as Nobody can predict what the future effects on his health will be at a later date in time."

(ECF No. 1 at 9.)

In fact, the Complaints for both cases are **identical to one another** and both reflect Plaintiff's identical signature dated 11/13/22. (Id. at 1, 9, 10.)  The 9-page Complaint in Ray II appears to be an exact copy of the 9-page Complaint in Ray I. (ECF No. 1 at 1-9.)  Based on these facts, the court finds the present case, Ray II, to be duplicative of Plaintiff's other case, Ray I.  Because the present case, Ray II, was filed after Ray I was filed, the court shall recommend that the present case be dismissed. The dismissal of Ray II will therefore cause no prejudice to Plaintiff.

---

[1] The pagination referred to in this order reflects the page numbers assigned by the Court's electronic court filing (ECF) program, not the page numbers written on Plaintiff's documents.

**IV.    CONCLUSION AND RECOMMENDATIONS**

The Court finds that the present case, case 1:23-cv-00164-GSA-PC (Ray, Jr., v. Cates, et al.), filed on February 2, 2023 is duplicative of case 1:22-cv-01504-CDB-PC (Ray, Jr. v. Cates, et al.), filed on November 21, 2022.

**IT IS HEREBY ORDERED** that the Clerk shall randomly assign a United States District Court judge to this case;

>   **AND**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case, 1:23-cv-00164-GSA-PC (Ray, Jr., v. Cates, et al.), filed on February 2, 2023, be DISMISSED as duplicative of case 1:22-cv-01504-CDB-PC (Ray, Jr. v. Cates, et al.), filed on November 21, 2022; and

2. The Clerk be directed to administratively CLOSE this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 8, 2023**            **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE